IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

TANYA MARIE JOHNSON                                                                          PLAINTIFF

V.                                             NO. 11-2127

MICHAEL J. ASTRUE,
Commissioner of the Social Security Administration                              DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Tanya Marie Johnson, brings this action pursuant to 42 U.S.C. §405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for supplemental security income (SSI) under Title XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. §405(g).

**I.    Procedural Background:**

Plaintiff protectively filed her current application for SSI on September 14, 2006, alleging an inability to work since October 31, 2005, due to "Heart problems, had on [sic] heart attack and a stint [sic] placed in the [sic] my left main artery/type ii diabetes/bi-polar/cancer cells on my cervix." (Tr. 113, 126). An administrative hearing was held on March 11, 2009, at which Plaintiff appeared with counsel and testified. (Tr. 10-46).

By written decision dated June 23, 2009, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe - Type II diabetes mellitus, coronary artery disease post stent, and mood disorder. (Tr. 54 ). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff retained the

residual functional capacity (RFC) to:

> lift and carry 20 pounds occasionally and 10 pounds frequently. The claimant can sit for about 6 hours during an eight-hour workday and can stand and walk for about 6 hours during an eight-hour workday. The claimant can perform unskilled work where interpersonal contact is incidental to the work performed, but have no contact with the general public. The claimant can perform low stress work (defined as occasional decision making and occasional changes in work place settings).

(Tr. 56-57). With the help of a vocational expert (VE), the ALJ determined that during the relevant time period, Plaintiff was unable to perform any past relevant work, but would be able to perform such jobs as a baker worker, machine tender, and poultry worker. (Tr. 60-61).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on March 29, 2011. (Tr. 1-3). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 10, 11).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II. Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports

the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §416.920. Only if the final

stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity (RFC). See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

### III.  Discussion:

Plaintiff contends that the ALJ erred in concluding that Plaintiff was not disabled because: 1) the ALJ failed to consider all of Plaintiff's impairments in combination; 2) the ALJ erred in his analysis and credibility findings in regard to Plaintiff's subjective complaints of pain; and 3) the ALJ erred in finding that Plaintiff retained the RFC to perform less than a full range of light work. (Doc. 10).

### A. Plaintiff's Impairments:

Plaintiff was born in 1960, completed the 11th grade and received her GED. (Tr. 113, 592). The ALJ found that Plaintiff had the following severe impairments: Type II diabetes mellitus, coronary artery disease post stent, and mood disorder. (Tr. 54). The ALJ also found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.925 and 416.926). (Tr. 55). The ALJ also stated in his decision that "Disability is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment or combination of impairments that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months." (Tr. 52). The ALJ further noted in his decision that at step two, "the undersigned must determine whether the claimant has a medically determinable impairment that is 'severe' or a combination of impairments that is 'severe' (20 CFR 416.920(c))." (Tr. 53). He

also stated that if the claimant did not have a severe medically determinable impairment "or combination of impairments," she is not disabled, but that if the claimant has a severe impairment "or combination of impairments," the analysis proceeds to the third step. (Tr. 53). The ALJ continued to refer to the need to consider the combination of impairments in the remainder of his decision. As noted by Defendant, the Eighth Circuit Court of Appeals has held that such language demonstrates that the ALJ considered the combined effect of Plaintiff's impairments. See Hajek v. Shalala, 30 F.3d 89, 92 (8th Cir. 1994). As also noted by Defendant, Plaintiff failed to submit any objective evidence to support her alleged additional impairments, which included chest pain, artherosclerotic cardiovascular disease, myocardial infarction, left shoulder pain, cervical cancer, dyslipidemia, hypokalemia, hyperglycemia, microalbuminuria, hypothyroidism, borderline personality disorder, bipolar disorder, major depressive disorder, or anxiety.

The Court finds, based upon the well-stated reasons outlined in the Defendant's brief, that Plaintiff's argument is without merit, and there was sufficient evidence for the ALJ to make an informed decision. Therefore, the Court finds the ALJ properly considered Plaintiff's impairments both singularly and in combination.

**B. The ALJ's RFC Determination:**

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain

AO72A
(Rev. 8/82)

are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In the present case, the ALJ considered the medical assessments of examining and non-examining agency medical consultants, including the assessments completed by Dr. Kenneth Wainner, Denise LaGrand, Psy.D., and Cynthia Kampschaefer, PSYD; Plaintiff's subjective complaints; and her medical records when the ALJ determined Plaintiff maintained the RFC to perform light work with certain limitations. The ALJ specifically addressed the weight given to the examining, non-examining, and treating physicians, and the Court finds that the RFC took into consideration all of the limitations which were supported by the record.

The Court finds, based upon the well-stated reasons outlined in the Defendant's brief, that Plaintiff's argument is without merit and that there is sufficient evidence to support the ALJ's RFC findings.

### C.   Subjective Complaints and Credibility Analysis:

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional

restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards, 314 F.3d at 966.

After reviewing the administrative record, and the Defendant's well-stated reasons set forth in his brief, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors. The Court finds Plaintiff's argument to be without merit, and finds that there is sufficient evidence to support the ALJ's credibility findings.

## IV. Conclusion:

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 25th day of July, 2012.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE